IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NORMAN TERRY MOSES, § <br> § <br> Movant, § <br> § <br> V. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | § <br> § <br> § <br> § <br> § NO. 3:23-CV-1645-X-BH <br> § (NO. 3:21-CR-082-X) <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Norman Terry Moses under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects as follows:

On February 23, 2021, Movant was named in a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR ECF No.[1] 1. Movant entered a plea of not guilty. CR ECF No. 12. On November 16, 2021, Movant was named in a one-count superseding information charging him with illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). CR ECF No. 22. Movant and his counsel signed a waiver of indictment, CR ECF No. 23, a plea agreement, CR ECF No. 24, and a factual resume. CR ECF No. 26. On January 4, 2022, Movant

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:21-CR-082-X.

entered a plea of guilty to the charge alleged in the superseding information. CR ECF No. 28. He testified under oath at the plea hearing that: he was fully satisfied with his counsel; he had read, understood, and discussed the waiver of indictment with his attorney; he understood the essential elements of the offense charged by the superseding information and that he committed each of them; no one had induced him in any way to enter a guilty plea; he had read and discussed the plea agreement with his counsel before signing it and it contained all of the terms of his agreement with the Government; he understood that he was waiving his right to appeal except in certain limited circumstances; he understood the penalties he faced; he read, understood, and discussed the factual resume with counsel and all of the facts set forth in it were true and correct. CR ECF No. 51.

Movant was sentenced to a term of imprisonment of 46 months. CR ECF No. 46. He did not appeal, having waived his right to do so. CR ECF No. 24.

## II. GROUND OF THE MOTION

Movant asserts one ground in support of his motion, contending that § 922(n) has been declared unconstitutional and his conviction cannot stand. ECF No.[2] 6 at 7.

## III. APPLICABLE LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.   ANALYSIS

As the record reflects, Movant was initially charged with a violation of Section 922(g)(1), which would have subjected him to a statutory maximum sentence of fifteen years. 18 U.S.C. § 924(a)(8); CR ECF No. 1. He negotiated a plea bargain pursuant to which he agreed to plead guilty to a violation of Section 922(n), which subjected him to a statutory maximum sentence of five years' imprisonment. 18 U.S.C. § 924(a)(1)(D); CR ECF No. 24. As part of the agreement, Movant agreed to waive his right to appeal as well as his right to seek relief under Section 2255, except in certain limited circumstances. *Id.* at 6. Those limited circumstances do not exist here and Movant does not contend that they do. Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The plea agreement Movant signed, which includes the waiver along with the statement that the plea is voluntary, is accorded great evidentiary weight.

*Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, Movant testified under oath that his plea was not coerced, that he was satisfied with counsel, and that he understood he was waiving his right to otherwise challenge his sentence by appeal or writ of habeas corpus. CR ECF No. 51. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His waiver is enforceable. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002); *United States v. Willkes*, 20 F.3d 651, 653 (5th Cir. 1994).

And, in any event, the waiver notwithstanding, Movant's ground for relief is procedurally barred. *Shaid*, 937 F.2d at 231. Movant has made no attempt to establish cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

The Court need not reach the issue of the constitutionality of Section 922(n).

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **28th day** of **February, 2024**.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

4